NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ADAM HARRELL, PETITIONER, v. JAMES MITCHELL, IN-
CORPORATED. A CORPORATION, RESPONDENT.

For the petitioner, *Mendelsohn & Mendelsohn.*

For the respondent, *Paul Koch.*

\* \* \* \* \* \* \*

2. That the petitioner was employed by the respondent as a laborer on or about July 14th, 1924, and that he continued in such employment up to August 5th, 1924; that his duties consisted of working as a laborer in a gang of men employed by the respondent in cleaning up the cellar and doing other laborers' work on and about the building known as the Y. M.—Y. W. H. A. Building, located on Van Houten street, Paterson, New Jersey, which was then in the course of construction.

3. That the petitioner, at the time of the injury, received for his services wages amounting to the sum of $33 per week.

4. That on the 5th day of August, 1924, petitioner sustained personal injuries as a result of an accident; that the said accident consisted of the petitioner's foot slipping off a stone, upon which it was resting, while the petitioner was in the act of pulling or lifting up another stone, weighing about seventy-five pounds, out of the mud in the cellar of the Y. M.—Y. W. H. A. building on Van Houten street, Paterson, New Jersey, thereby causing him to suddenly lurch and twist and jerk his back, which was immediately followed by severe pain in his back and an inability upon his

part to straighten up, and that the said accident arose out of and in the course of the petitioner's employment.

5. That the petitioner testified that he was instructed to commence work by Bob Hataroff; that he, as well as the other men in his gang, were told what to do and when to do it, and received orders and instructions in connection with their work from Bob Hataroff, from whom alone orders came to them; that it was this same Bob Hataroff who, on Saturdays, paid off the petitioner and the other men in the gang with him, and it was this same Bob Hataroff who hired and even discharged the petitioner and other men in the gang with him, and that the petitioner and other men in his gang looked upon and treated Bob Hataroff as their foreman. This testimony was undisputed and was supported by that of Mr. Sisma. Mr. Nelson, the respondent's own general superintendent, also testified that he used Bob Hataroff to "kind of look after the common laborers when he could not get there in time," and that "he hired the laborers through Bob Hataroff," and that it was Bob Hataroff's duty to report the occurrence of any accident to him, and that, pursuant to the instructions of the respondent, entrusted Bob Hataroff with the duty to "kind of keep an eye on them" (petitioner and the men in his gang), and that he would tell Bob Hataroff what he wanted done, who in turn, no doubt, would carry out these instructions by ordering the men to do these things, and that it was this same Bob Hataroff who was employed by the respondent "to look after the men there for us" (petitioner and the other men in his gang).

6. That from the foregoing evidence, Bob Hataroff, even if he were not actually and expressly hired by the respondent as a foreman of the petitioner's gang, the respondent at least held him out and permitted him to act as the foreman, or at the very least, as the immediate superior of the petitioner and the other men in his gang with petitioner.

7. That it was this same Bob Hataroff who was present at the time that the petitioner met with the accident in question, and who came to the assistance of the petitioner and helped him to straighten out and helped him away from the spot on which the accident occurred; and that it was this

same Bob Hataroff who had actual knowledge of the occurrence of the said accident, and injuries to the petitioner, by reason of which the knowledge of the said Bob Hataroff of the occurrence of the accident and the injuries in question to the petitioner was that of the respondent in this case.

8. That as a result the petitioner received injuries to his back, and particularly in the sacro-iliac region, and that the said injuries caused the petitioner a temporary disability, which lasted for a period of twelve weeks, and that he has a disability permanent in quality and partial in character which is as follows: An injury in the sacro-iliac region which disables him from doing any heavy lifting and from pursuing his regular occupation as a common laborer, and which disability is twenty per cent. of total permanent disability.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

HARRY J. GOAS,
*Deputy Commissioner.*